**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 10 2004**

**PATRICK FISHER**
**Clerk**

PUBLISH

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DENNIS RICHARD HARMS,

    Defendant - Appellant.

No. 03-6231

---

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**
**(D.C. Nos. 02-CV-1711-C and 00-CR-164-C)**

---

Richard A. Friedman, Appellate Section, Criminal Division, U.S. Department of Justice, Washington, D.C. (Robert G. McCampbell, United States Attorney, and Edward J. Kumiega, Assistant United States Attorney, Western District of Oklahoma, on the brief), for Plaintiff - Appellee.

Vicki Mandell-King, Assistant Federal Public Defender (and Raymond P. Moore, Federal Public Defender, on the briefs), Denver, Colorado, for Defendant - Appellant.

---

Before **KELLY**, **ANDERSON**, and **HENRY**, Circuit Judges.

---

**KELLY**, Circuit Judge.

---

Defendant-Appellant Dennis Richard Harms appeals from the district

court's denial of his § 2255 motion to vacate, set aside or correct his sentence. Our jurisdiction arises under 28 U.S.C. §§ 1291 and 2253(a) and for the reasons set forth below, we affirm.

Background

In December 2000, Mr. Harms pled guilty in district court to a two-count indictment charging him with (1) using a computer linked to the internet to entice a minor to engage in sexual activity, 18 U.S.C. § 2422(b), and (2) receipt of child pornography that was transported in interstate commerce by computer, 18 U.S.C. § 2252A(a)(2)(B). He was sentenced to fifty-one months imprisonment on each count, to be served concurrently, and two years of supervised release. R. Doc. 27. He took no direct appeal from his sentence.

Following Mr. Harms's guilty plea and sentencing, the United States Supreme Court issued its decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234 (2002). That decision held unconstitutional 18 U.S.C. § 2256(8)(A) and (D), part of the Child Pornography Prevention Act of 1996 (CPPA). These provisions purported to include in the definition of child pornography images created without the involvement of actual children.[1] Finding that the prohibition of such "virtual"

_____

[1] Generally referred to as "virtual" child pornography, such images can be created by using adults made to appear to be minors, or though the use of a computer technology known as "morphing," whereby innocent images of actual

child pornography chilled protected adult-to-adult speech, the Court held that such prohibitions violated the First Amendment. See Free Speech Coalition, 535 U.S. at 255.

Subsequently, in December 2002, Mr. Harms filed a § 2255 motion in district court seeking to have his conviction for receipt of child pornography (count two of the indictment) vacated on the basis that the Court's decision in Free Speech Coalition should be applied retroactively to his case and that Free Speech Coalition renders his guilty plea unknowing and involuntary. R. Docs. 28 & 29. The district court denied Mr. Harms's motion, holding that he could not make the necessary showing of cause and prejudice to overcome the procedural bar against consideration of otherwise defaulted claims. R. Doc. 45. The district court then denied a certificate of appealability (COA), noting that "whether considered under the procedural bar scenario or on the merits there is no room for debate on the validity of Defendant's conviction and sentence." R. Doc. 52 at 3. In response to his request for a COA in this court, a single circuit judge granted a COA to review the claims raised in Mr. Harms's pro se brief. We affirm the district court's denial, finding no need to reach the retroactivity issue.

---

minors are altered to make it appear that the minors are engaged in sexually explicit behavior. See Free Speech Coalition, 535 U.S. at 241-42.

## Discussion

When reviewing a district court's denial of a § 2255 petition, we review questions of law de novo and questions of fact for clear error. United States v. Pearce, 146 F.3d 771, 774 (10th Cir. 1998). We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion. United States v. Clingman, 288 F.3d 1183, 1187 n.4 (10th Cir. 2002).

A.     Jurisdictional Concerns

As a preliminary matter, we must address the government's argument that the COA in this case should be dismissed as improvidently granted. Specifically, the government contends that the only issues raised in Mr. Harms's pro se brief were (1) whether Free Speech Coalition renders § 2252A unconstitutional in its entirety, and (2) whether counsel was ineffective for failing to advise Mr. Harms of this potential claim. Accordingly, the government argues that because our holding in United States v. Kimler, 335 F.3d 1132 (10th Cir. 2003), conclusively determined that Free Speech Coalition only invalidated § 2252A as applied to virtual child pornography, the district court's resolution of Defendant's claim does not meet the standard for issuance of a COA. See Slack v. McDaniel, 529 U.S. 473, 484 (2000) (holding that in order to merit a COA "[p]etitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.").

Although we have stated that "an erroneously-issued certificate does not deprive us of jurisdiction to hear a certified appeal," United States v. Talk, 158 F.3d 1064, 1068 (10th Cir. 1998), the government points out that Talk viewed the COA as non-jurisdictional, a view that is no longer correct under Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). See also United States v. Magallanes, 301 F.3d 1267, 1269 (10th Cir. 2002) ("a COA is an issue-by-issue jurisdictional prerequisite to a merits determination on appeal"). In Lafevers v. Gibson, 182 F.3d 705, 711 (10th Cir. 1999), also decided prior to Miller-El, we held that we were obligated to hear issues on the merits once a COA had been granted by the district court. But see Phelps v. Alameda, 366 F.3d 722, 728 (9th Cir. 2004); Buie v. McAdory, 322 F.3d 980, 982 (7th Cir. 2003). We express no opinion on whether a merits panel has the power to dismiss an appeal based upon an improvident grant of a COA because we reject the government's argument that the COA was improvidently granted.

Here, the government urges us to consider the claim raised in Mr. Harms's motion as completely foreclosed by Kimler. It also contends that our review should be limited to the same issue contained in Mr. Harms's pro se brief, not the reformulated (and stronger) claims presented by his appointed counsel. See Aplee. Br. at 18-22. Given our liberal construction of pro se pleadings and the wording of the grant of COA, we think the COA is broad enough to encompass

the claims as articulated by Mr. Harms's capable counsel. Moreover, his claims, both as set forth by him in the opening brief and as expressed by counsel in the supplemental brief, make the same basic argument, namely that had Mr. Harms been aware that possession of virtual child pornography was not a criminal offense, he would not have pled guilty. Accordingly, the precise issues presented for our review are: (1) whether Free Speech Coalition renders Defendant's guilty plea unknowing and involuntary; and (2) whether counsel was ineffective for failing to advise Defendant of the distinction between actual and virtual child pornography.

B. Ineffective Assistance of Counsel

Because Mr. Harms pled guilty and took no direct appeal from his sentence, we must first consider whether he can demonstrate sufficient grounds to overcome the procedural bar against consideration of defaulted claims. See United States v. Frady, 456 U.S. 152, 165 (1982). This requires a showing of cause for the procedural default and prejudice, or a fundamental miscarriage of justice. If Mr. Harms cannot overcome the procedural bar, we may not reach the merits of his claim that his plea was unknowing and involuntary. Id.

The Supreme Court has "long and consistently affirmed that a collateral attack may not do service for an appeal." Id. Consequently, on petitions for collateral relief, courts generally will not consider the merits of claims that were

raised neither at trial nor on direct appeal.  See id. at 166; United States v. Salazar, 323 F.3d 852, 855 (10th Cir. 2003).  One pertinent exception to that rule is if Defendant can show both cause for the default and that failure to consider the claim would result in actual prejudice to his defense, the court may reach the merits of his otherwise defaulted claims.  See Bousley v. United States, 523 U.S. 614, 622 (1998).

A meritorious claim of ineffective assistance of counsel constitutes cause and prejudice for purposes of surmounting the procedural bar.  United States v. Horey, 333 F.3d 1185, 1187 (10th Cir. 2003).  Consequently, if Mr. Harms can demonstrate that he received ineffective assistance of counsel, he will have established the requisite cause and prejudice to overcome application of the procedural bar.

A successful claim of ineffective assistance of counsel must meet the two-prong test set forth in Strickland v. Washington, 466 U.S. 668 (1984).  First, a defendant must show that his counsel's performance was deficient in that it "fell below an objective standard of reasonableness."  Id. at 688.  Second, a defendant must show that counsel's deficient performance actually prejudiced his defense. Id. at 687.  In the context of a guilty plea, the prejudice prong requires a defendant to show that "but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  Hill v. Lockhart, 474 U.S. 52, 59

(1985).

Mr. Harms contends that he received ineffective assistance of counsel because his attorney failed to advise him of a potential distinction between actual and virtual child pornography before advising him to plead guilty to count two of the indictment. See Aplt. Supp. Br. at 21-22. To be sure, at the time he entered his plea, courts of this and other circuits had considered (and most had rejected) the argument that criminalization of virtual child pornography violated the First Amendment. See United States v. Mento, 231 F.3d 912, 917 (4th Cir. 2000); United States v. Acheson, 195 F.3d 645, 650-51 (11th Cir. 1999); United States v. Pearl, 89 F. Supp. 2d 1237, 1244 (D. Utah 2000). But see Free Speech Coalition v. Reno, 198 F.3d 1083, 1090-91 (9th Cir. 1999), aff'd, Free Speech Coalition, supra (holding criminalization of virtual child pornography violated First Amendment). The question here, however, is whether such a failure rises to the level of constitutionally ineffective assistance. We conclude it does not.

The Sixth Amendment does not require counsel for a criminal defendant to be clairvoyant. See United States v. Gonzalez-Lerma, 71 F.3d 1537, 1542 (10th Cir. 1995); see also Brown v. United States, 311 F.3d 875, 878 (8th Cir. 2002) ("[C]ounsel's performance is not deficient by failing to predict future developments in the law.") (quoting Wajda v. United States, 64 F.3d 385, 388 (8th Cir. 1995)). Nor does the Sixth Amendment require counsel to raise, or even

be cognizant of, all potential defenses.  Rather, the Constitution only requires that counsel's assistance "fall[] within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  Precedent from both the Supreme Court and our sister circuits clearly holds that counsel's failure to raise or recognize a potential legal argument does not automatically render counsel's performance constitutionally deficient.  "[T]he constitution guarantees criminal defendants only a fair trial and a competent attorney.  It does not insure that defense counsel will recognize and raise every conceivable constitutional claim."  Murray v. Carrier, 477 U.S. 478, 486 (1986); see Pitts v. Cook, 923 F.2d 1568, 1574 (11th Cir. 1991) ("A counsel's pre-Batson failure to raise a Batson-type claim does not fall below reasonable standards of professional competence, and thus does not render counsel's assistance constitutionally ineffective.").  This court has also recognized that counsel's failure to recognize a potential legal argument does not constitute cause for a procedural default.  Hopkinson v. Shillinger, 954 F.2d 609, 610 (10th Cir. 1992).  We therefore hold that under these circumstances counsel's performance was not deficient solely because he failed to apprise Mr. Harms of the potential distinction between actual and virtual child pornography, particularly since it never appears to have been a factual issue in the case.

Nor can Mr. Harms demonstrate actual prejudice as a result of his counsel's performance.  As noted, in order to demonstrate prejudice, he must show that had

he received reasonable professional assistance from counsel he would not have pled guilty, but would have elected to go to trial. Hill, 474 U.S. at 59; Fields v. Gibson, 277 F.3d 1203, 1215 (10th Cir. 2002). The burden of making such a showing lies with the defendant, see United States v. Gordon, 4 F.3d 1567, 1571 (10th Cir. 1993), and in this case Mr. Harms has neither cited to nor put forth evidence tending to show that had he been advised of a distinction between actual and virtual child pornography, he would have elected to proceed to trial. Although we recognize his best evidence in this regard, namely the images themselves, are no longer in his possession and are not included in the record,[2] Mr. Harms never claimed that all the many images that he possessed are of virtual child pornography. Rather, he impermissibly attempts to shift the burden on this point to the government by claiming that there is no evidence in the record that he would *not* have gone to trial had he been informed of the distinction. See Aplt. Reply. Br. at 12-13. On this basis he argues an entitlement to an evidentiary hearing to determine the true nature of the images.

In support of his argument, he relies principally upon our holding in United States v. Glover, 97 F.3d 1345 (10th Cir. 1996). Glover, a drug case, involved a contested sentencing hearing at which the government bore the burden of proving

_____

[2] At oral argument the Assistant United States Attorney represented to the court that the images had recently been destroyed and are thus no longer available for examination in any event.

the type of methamphetamine involved.  Without offering any supporting evidence, the prosecution simply averred that the conspiracy involved the more serious D-methamphetamine, and defense counsel raised no objection.  Id. at 1348.  In their subsequent § 2255 petition to this court, defendants claimed that they received ineffective assistance of counsel because their attorneys had failed to put the government to its proof regarding the sentence enhancing elements.  This court agreed noting that "[w]hen counsel has unwittingly relieved the government of its burden of proof . . . it is fair to say counsel has so undermined the proper functioning of the adversarial process that it cannot be relied upon as having produced a just result."  Id. at 1349 (internal quotation marks and citation omitted).  This court remanded for an evidentiary hearing to determine the type of methamphetamine involved.

Glover, however, is readily distinguishable.  Because the focus of this case is an uncontested guilty plea, the government had no burden of which it was unwittingly relieved by Defendant's counsel.  Further, we have held "that Free Speech Coalition, did not establish a broad, categorical requirement that, in every case on the subject, absent direct evidence of identity, an expert must testify that the unlawful image is of a real child."  United States v. Kimler, 335 F.3d 1132, 1142 (10th Cir. 2003).  Certainly as here where no evidence suggests that the images are anything other than real, the government need offer no supporting

evidence beyond the images themselves.  Consequently, there is no need for an evidentiary hearing to delve further into the nature of the images Defendant possessed.

Because we have determined that Mr. Harms cannot show ineffective assistance of counsel and has thus failed in his gateway claim, we need not determine whether retroactive application of Free Speech Coalition is appropriate and whether such application would render his guilty plea unknowing and involuntary.  For the foregoing reasons, the judgment of the district court is

AFFIRMED.