HOLLOWAY, Circuit Judge,
dissenting:
The bar the majority requires Cervini to hurdle to overcome the procedural default in his case is to adduce evidence that would “convince a reasonable juror that the image in question is indeterminate (such that it is not possible to conclude that the image is actual beyond a reasonable doubt)-” Majority Op. at 992. I agree. I am, however, unable to agree with the majority that Cervini has failed to clear this obstacle.
The majority concludes that the evidence Cervini seeks to have introduced is insufficient, when considered in light of his plea colloquy, to establish a fair probability that “no reasonable juror would find him guilty beyond a reasonable doubt....” Id. at 993. In reaching this conclusion, the majority concedes ignorance about what evidence Cervini seeks to have introduced. Indeed, the majority recognizes the unfairness of requiring Cervini to proffer what his expert will testify to given that he does not possess the images in question.
Nonetheless, the majority boldly concludes that “no matter what an expert might now say,” id. at 993, Cervini would be unable to convince a reasonable juror that the image in question is indeterminate. I disagree for three principal reasons: (1) at the time of his plea colloquy, it was irrelevant under the statute whether the images in question were of real or virtual children; (2) Cervini’s vocation as a computer technician does not, ipso facto, render Cervini an expert in computer photo manipulation; and (3) Cervini’s plea colloquy produced a record here with the same ambiguity about the word “depict” that led to the Supreme Court’s holding in Free Speech Coalition. See United States v. Pearl, 324 F.3d 1210, 1214 (10th Cir.2003).
*996 First, the probative value of Cervini’s plea agreement in respect to whether the images in question were of real or virtual minors is of dubious value considering that at the time of the plea, that distinction was irrelevant. The admissions cited by the majority were made pursuant to Fed.R.Crim.P. 11, which requires a court to establish “a factual basis for the plea.” Fed.R.Crim.P. 11(b)(3). At the time of his plea on September 24, 2000, however, it was irrelevant whether the images he possessed were of real or virtual minors. Indeed, this court recently recognized that prior to the Supreme Court’s decision in Ashcroft v. Free Speech Coalition, “this and other circuits had considered (and most had rejected) the argument that criminalization of virtual child pornography violated the First Amendment.” United States v. Harms, 371 F.3d 1208, 1211 (10th Cir.2004).
Thus, at the time Cervini pled guilty, a factual basis for his plea could have been established by either admitting the images were of actual or virtual minors. The ignorance of the parties involved in this plea as to the significance of the distinction between real and virtual child pornography is further reflected in the glaring absence of any specific inquiry by the sentencing court or the government as whether the images in question were of actual minors. And, since Cervini’s plea colloquy was never intended to answer the question of whether the images in question were real or virtual when entered into, it should not now.
Second, the majority’s conclusion that Cervini’s vocation as a computer technician would 'make him able to know the difference between real and virtual minors is without support. While the record reveals Cervini worked as a computer technician, the record does not indicate that he had any specific training or job experience on computer photo manipulation. App. of Exhibits I at A10-11. To assume, as does the majority, that this familiarity with computers would grant Cervini the ability to distinguish between real and virtual children would be akin to assuming that a criminal defense attorney’s general familiarity with the law would enable him to design a perpetual charitable trust. Moreover, the very essence of Cervini’s petition is that it is impossible to tell whether the images he possessed were real or virtual. Thus, the record does not support the majority’s implication that if the images were in fact virtual, Cervini would have stated so during his colloquy.
Finally, Cervini’s plea agreement in this case does not materially differ from the record we held inadequate to sustain a conviction for possession of child pornography in Pearl, 324 F.3d at 1214. In Pearl, the defendant admitted the images he possessed “depicted minors engaged in sexually explicit conduct.” Id. Nonetheless, we held that admission was insufficient to sustain the defendant’s conviction because of the “the ambiguity in the word ‘depict.’ ” Id. (quotation marks in original).
In the instant case, Cervini admitted that the images he possessed “show[ed] persons under the age of 18 engaged in sexually explicit conduct” and that they contained “visual depictions involving the use of minors engaging in sexually explicit conduct .... “ Appendix of Exhibits II at M4. On the basis of these admissions, the majority concludes that Cervini admitted “actual minors were used.” Majority Op. at 993 (emphasis added). However, nowhere in the plea colloquy are the words “actual minor” used. Instead, the only difference between the plea colloquy in this case and the record in Pearl is the use of the word “show” instead of “depict.” And, while legal scholars can debate the difference between those two words, I do *997 not believe the difference to be significant enough, when uttered by a layman, to hold that one, but not the other, implicates virtual minors.
Given the ambiguity in Cervini’s plea colloquy as to whether the images he possessed were of real rather than virtual minors, and the similarity of the colloquy in this case and the record in Pearl, I cannot conclude that “no matter what an expert might now say,” Majority Op. at 993, it would be impossible to “convince a reasonable juror that the image in question is indeterminate (such that it is not possible to conclude that the image is actual beyond a reasonable doubt).” Accordingly, I respectfully dissent.