**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 29, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ISAAC CLINTON ALLEN,

Defendant - Appellant.

No. 08-5029

(N.D. Oklahoma)

(D.C. Nos. 4:07-CV-00530-JHP-FHM
and 4:06-CR-00144-JHP)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **BRISCOE**, **MURPHY**, and **HARTZ**, Circuit Judges.

---

Isaac Clinton Allen, appearing pro se, requests a certificate of appealability (COA) to appeal the district court's denial of his motion for relief under 28 U.S.C. § 2255. *See id*. § 2253(c)(1)(B) (requiring COA to appeal denial of § 2255 motion). He claims that (1) he was deprived of his Sixth Amendment right to effective assistance of counsel because counsel (a) failed to consult a firearms expert to prove that the AK-47 rifle in his possession had not been altered, (b) lied to him by saying that such an expert had been retained, and (c) failed to honor his request to appeal when he learned the truth; and (2) the district court erred in refusing to hold an evidentiary hearing. Because no reasonable jurist could conclude that Mr. Allen's § 2255 motion should have been resolved

in a different manner, *see Slack v. McDaniel*, 529 U.S. 473, 485 (2000), we deny his application for a COA and dismiss this appeal.

## I.     BACKGROUND

On October 13, 2006, Mr. Allen pleaded guilty in the United States District Court for the Northern District of Oklahoma to a charge of felon in possession of firearms and ammunition. *See* 18 U.S.C. § 922(g)(1). The court sentenced him to 76 months' imprisonment and ordered him to pay a fine of $3,000.00 and a special monetary assessment of $100.00. Following his conviction Mr. Allen did not file a direct appeal but filed a motion for relief under § 2255. He alleged that he had received ineffective assistance of counsel because his counsel did not object to the district court's base-offense level calculation under the United States Sentencing Guidelines (USSG). He contended that his base-offense level should not have been calculated under USSG § 2K2.1(a)(3) (providing for a base offense level of 22 for an offense involving a rifle whose barrel is shorter than 16 inches) and that counsel failed to consult a firearms expert regarding the measurement of the AK-47 rifle that had been in his possession. He also requested an evidentiary hearing to resolve his claims. (The § 2255 motion did not allege that counsel was ineffective for failing to appeal, so we need not address that issue. *See United States v. Dixon*, 1 F.3d 1080, 1082 n.2 (10th Cir. 1993) (declining to address issue not raised in original § 2255 motion), *abrogated on other grounds by Florida v.*

*White*, 526 U.S. 559 (1999).)  The district court denied Mr. Allen's motion and his request for an evidentiary hearing.

## II.    DISCUSSION

### A.    Ineffective-Assistance-of-Counsel Claim

A person seeking a COA must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "Where a district court has rejected the constitutional claims on the merits, . . . [t]he [movant] must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack*, 529 U.S. at 484.

To obtain relief on his ineffective-assistance-of-counsel claim, Mr. Anderson must show both that his "counsel's representation fell below an objective standard of reasonableness" and "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). The review of trial counsel's performance "must be highly deferential" and the court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy."  *Id*. at 689 (internal quotation marks omitted).  Applying these demanding standards, the district court correctly

determined that Mr. Allen had failed to show that his counsel's performance fell below an objective standard of reasonableness.

Mr. Allen states his claims as follows:

Trial counsel in the instant case failed to exercise proper sound counsel when using AFT [sic] Agent Petree to perform the measurement of the rifle barrel for the defense. [He] was prejudiced because (1) [he] was not informed that his counsel had used the government's witness as a expert for the defense of which the agent was plurally operating in the interest of the government to establish the weapon [he] was convicted was modified, and (2) counsel performed deficiently when using Agent Petree to determine the outcome of the sentencing proceedings and lying to [him] in which counsel had claimed the "measuring of the rifle barrel was performed by Mark Lyons."

Aplt's Br. in Supp. of Req. for COA at 6–7. The undisputed facts in the affidavits presented by the government, however, show that there was no deficiency in defense counsel's work. Special Agent Josh Petree of the Bureau of Alcohol, Tobacco, Firearms & Explosives swore that on two occasions—once in the presence of the prosecutor and defense counsel—he measured the barrel of the rifle possessed by Mr. Allen and found the barrel to be 12 inches in length. Defense counsel, Stephen J. Knorr, swore that (1) he had observed Agent Petree measure the rifle; (2) the measurement was "less than 16 inches by two or three inches," R. Vol. I, Doc. 58, Ex. 2 at 1; and (3) he had described Agent Petree's measurement to Mark Lyons, a local criminal defense attorney and licensed firearms dealer, who had told him that Agent Petree's method of measuring "would ensure the longest measurement and was the proper way to determine the

actual length of a barrel," *id*. at 2. Based on this information, defense counsel concluded that "there were no grounds to challenge the two level increase based on the barrel length" and therefore did not object to the court's base-offense-level calculation at sentencing. *Id*.

To establish that counsel's performance was deficient, Mr. Allen submitted an article from Wikipedia on "AK-47," which says that an unaltered barrel of an AK-47 rifle is 16.3 inches in length. Mr. Allen's "evidence," however, shows only that his rifle must have been altered. It does not contradict the evidence regarding the length of the barrel of his weapon.

## B. Denial of Evidentiary Hearing

"We review the district court's refusal to hold an evidentiary hearing for an abuse of discretion." *United States v. Harms* 371 F.3d 1208, 1210 (10th Cir. 2004). Mr. Allen contends that the district court erred when it refused to hold an evidentiary hearing to resolve his ineffective-assistance-of-counsel claim. But "[t]he purpose of an evidentiary hearing is to resolve conflicting evidence" and a hearing is unnecessary when the uncontested evidence establishes that counsel's performance was not ineffective. *Anderson v. Att'y Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005); *see Blackledge v. Allison*, 431 U.S. 63, 80–83 (1977) (petitioner not entitled to full evidentiary hearing when he fails to raise a genuine issue of fact to be resolved by the court). Because the undisputed facts in the

record demonstrate that counsel's performance was not ineffective, the district court did not abuse its discretion in refusing to hold an evidentiary hearing.

## III.  CONCLUSION

No reasonable jurist could debate the district court's rulings.  Therefore, we DENY Mr. Allen's application for a COA and DISMISS this appeal.

ENTERED FOR THE COURT


Harris L Hartz
Circuit Judge