**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 31, 2010**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Plaintiff-Appellee,

v.

GREGORY R. SMITH,

      Defendant-Appellant.

No. 09-4132
(D.C. No. 2:09-CV-00044-TS)
(D. Utah)

---

**ORDER**[*]

---

Before **HARTZ**, **SEYMOUR** and **EBEL**, Circuit Judges.

---

Mr. Gregory Smith, a federal inmate appearing *pro se*, requests a

Certificate of Appealability ("COA") to appeal the district court's denial of his 28

U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Because Mr.

Smith has not made "a substantial showing of the denial of a constitutional right,"

28 U.S.C. § 2253(c)(2), we deny his request for a COA. We grant his request to

proceed *in forma pauperis*, and we dismiss this appeal.

Mr. Smith pled guilty to two counts of access device fraud in violation of

---

[*]This order is not binding precedent, except under the doctrines of law of the case, *res judicata*, and collateral estoppel. It may be cited, however, for its persuasive value consistent with 10th Cir. R. 32.1 and 10th Cir. R. 32.1.

18 U.S.C. § 1029, and two counts of aggravated identity theft in violation of 18

U.S.C. § 1028A.  In his plea agreement, Mr. Smith waived both his direct and

collateral appeal rights as follows:

> (c) Fully understanding my limited right to appeal my sentence, as explained above, and in consideration of the concessions and/or commitments made by the United States in paragraph 11 of this plea agreement, I knowingly, voluntarily and expressly waive my right to appeal any sentence imposed upon me, and the manner in which the sentence is determined, on any of the grounds set forth in 18 U.S.C. § 3742 or on any ground whatever, except I do not waive my right to appeal (1) a sentence above the maximum penalty provided in the statute(s) of conviction, or (2) a sentence above the high-end of the guideline range as determined by the Court at sentencing, or in the event that no such determination is made by the Court, a sentence above the high-end of the guideline range as set forth in the final presentence report.

Rec., vol. I at 57 (May 14, 2009 Order denying § 2255 Motion.).

At sentencing, Mr. Smith was subject to a statutory maximum term of ten

years for the access fraud convictions, *see* § 1029(c)(1)(A)(i), and a statutorily

mandated sentence of two years for the identity theft convictions, *see* §

1028A(a)(1).  The probation office submitted a Presentence Report calculating

Mr. Smith's base offense level for the § 1029 offenses at six.  The PSR proposed

an addition of a ten-level increase for the amount of loss attributable to Mr.

Smith's conduct ($120,000 - $200,000), a two-level increase for the number of

victims involved (ten or more), a two-level increase for the use of sophisticated

means, and a two-level increase for the use of another's means of identification to

unlawfully obtain another identification.  The PSR then proposed a three-level

decrease for acceptance of responsibility under U.S.S.G. § 3E1.1, thereby yielding a final offense level of nineteen. Given Mr. Smith's criminal history category of I, his applicable sentencing guideline range for the § 1029 offenses alone was between thirty and thirty-seven months. In addition, however, § 1028(a)(b) mandated a *consecutive* twenty-four month sentence for one of the aggravated identity theft convictions. As a result, the minimum sentence applicable to Mr. Smith was fifty-four months. *See* rec., vol. I at 27 (citing PSR at 12-13). The district court adopted the PSR's recommendations and sentenced Mr. Smith to fifty-four months' imprisonment. Mr. Smith did not file a direct appeal.

In his § 2255 petition, Mr. Smith contended the sentencing court's inclusion of sentencing level increases exceeded its jurisdiction and violated *Apprendi v. New Jersey,* 530 U.S. 466 (2000), because they were based on judge-found facts pursuant to a preponderance of the evidence standard. He also asserted ineffective assistance of counsel based on his counsel's failures to raise the *Apprendi* issue, to properly calculate the applicable sentencing guideline range, to object to enhancements, and to advise him he had issues to appeal. The district court held most of the claims waived by the plea agreement and denied the others.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue

a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Under this standard, a petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

We note that "a waiver of collateral attack rights brought under § 2255 is generally enforceable when the waiver is expressly stated in the plea agreement and where both the plea and the waiver were knowingly and voluntarily made." *United States v. Cockerham*, 237 F.3d 1179, 1183 (10th Cir. 2001). But a waiver does not bar a § 2255 motion "based on ineffective assistance of counsel claims challenging the validity of the plea or the waiver." *Id*. at 1187.

In deciding whether an issue was waived, a court conducts a three-pronged analysis to determine "(1) whether the disputed appeal falls within the scope of the waiver of appellate [or collateral attack] rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice . . . ." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam); *Cockerham*, 237 F.3d at 1191. Given Mr. Smith's *pro se* status, his submissions are construed liberally. *See, e.g.*, *de Silva v. Pitts*, 481 F.3d 1279, 1283 n.4 (10th Cir. 2007).

Applying *Hahn*, we agree with the district court that Mr. Smith's waiver

covers all of the arguments he made in his § 2255 petition with the exception of one of his ineffective assistance of counsel claims pursuant to *Cockerham,* which we discuss below. First, when Mr. Smith waived his right to appeal his sentence unless the sentence was "above the maximum penalty provided in the statute(s) of conviction," he did not preserve any right to contend "it was constitutionally impermissible for the district court to engage in factfinding by a preponderance of the evidence to enhance Defendant's sentence beyond the Guidelines range that would otherwise apply based on the facts that Defendant admitted during the plea hearing." *United States v. Green*, 405 F.3d 1180, 1189 (10th Cir. 2005). In any event, Mr. Smith wrongly assumes that the Supreme Court's decision in *Apprendi* applies to this case – it does not. *Apprendi* applies only when a defendant is sentenced beyond the *statutory* maximum applicable to his crimes of conviction, *see Apprendi*, 530 U.S. at 490, which did not occur here. *See Green*, 405 F.3d at 1194 (The statutory maximum is "the upper limit of punishment that Congress has legislatively specified for the violation of a given statute.").[1]

Second, two of Mr. Smith's ineffective assistance of counsel claims, based

---

[1]*Cunningham v. California*, 549 U.S. 270 (2007), on which Mr. Smith relies, does not hold to the contrary. In *Cunningham*, the Court applied *Apprendi*'s rule to facts permitting imposition of an "upper term" sentence under California's determinate sentencing law, which permitted the court there to *go above* the maximum statutory sentence allowed by the jury verdict, thereby violating *Apprendi*'s bright-line rule. *Id.* at 288-89. *Cunningham* does not affect judicial fact-finding *inside* the statutory range, as occurred here. *See United States v. Conatser*, 514 F.3d 508, 527-28 (6th Cir. 2008).

on his counsel's failure to object to the content of the PSR and to advise Mr. Smith regarding his ability to appeal, were within the scope of the waiver because neither claim challenged the validity of the plea or the waiver. *See Cockerham*, 237 F.3d at 1187; *see* rec., vol. I. at 62. Substantially for the reasons given by the district court, we agree with its determination that "the majority of this collateral appeal is within the scope of the Petitioner's waiver, that the waiver was knowing and voluntary, and that enforcing the waiver would not result in a miscarriage of justice . . . ." Rec., vol. I at 62.

Finally, we turn to Mr. Smith's claim that defense counsel's miscalculation of the applicable sentencing guideline constituted ineffective assistance that rendered his plea unknowing and involuntary under *Cockerham*. We take note of our well-established precedent that in general "miscalculation or erroneous sentence estimation by a defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel." *United States v. Gordon*, 4 F.3d 1567, 1570-71 (10th Cir. 1993); *accord United States v. Silva*, 430 F.3d 1096, 1099 (10th Cir. 2005) ("[S]tanding alone, an attorney's erroneous sentence estimate does not render a plea involuntary."). Moreover, even if counsel's alleged error did constitute constitutionally deficient performance, Mr. Smith has failed to show his defense was thereby prejudiced as required by *Strickland v. Washington*, 466 U.S. 668, 687 (1984). To establish prejudice in the context of a guilty plea, Mr. Smith must show that but for

counsel's deficient performance, he would not have pled guilty but instead "would have insisted on going to trial." *United States v. Taylor*, 454 F.3d 1075, 1080 (10th Cir. 2006); *see also United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir. 2004). Mr. Smith's pleadings make no such showing. Instead he repeatedly asserts that he "do[es] not wish to withdraw [his] plea agreement." Rec., vol. I at 7; *see id.* at 21 ("It is critical that the Court understand that I am not suggesting that I wish to withdraw my plea. I pled guilty because I was guilty."). Accordingly, we conclude that Mr. Smith has failed to show the denial of a constitutional right.

For these reasons, we **DENY** Mr. Smith's request for a COA. We **GRANT** his motion to proceed *in forma pauperis*, and we **DISMISS** this appeal.

ENTERED FOR THE COURT

Stephanie K. Seymour
Circuit Judge