FILED
United States Court of Appeals
Tenth Circuit

August 15, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

OMAR SIERRA,

    Defendant-Appellant.

No. 12-4016
(D.C. Nos. 2:11-CV-01116-DB and
2:07-CR-00093-DB-2)
(D. Utah)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

In this 28 U.S.C. § 2255 motion, Omar Sierra seeks to undo his federal drug convictions. *See United States v. Sierra*, 390 F. App'x 793 (10th Cir. 2010) (unpublished). He claims his trial attorney was constitutionally ineffective. Ineffective because counsel failed to present evidence suggesting that he (Mr. Sierra) was in Mexico during the period the jury found that he was dealing methamphetamine in Utah. For its part, the district court dismissed the motion. Now before us, Mr. Sierra requests a certificate of appealability (COA).

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

We may grant a COA only if Mr. Sierra makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To do this, he must demonstrate that "reasonable jurists could debate whether (or, for that matter agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). Because Mr. Sierra proceeds in this court *pro se*, we review his pleadings with special solicitude.

Even so, we still cannot grant a COA in this case. To prevail on his ineffective assistance of counsel claim, Mr. Sierra must show both that: (1) his "counsel's representation fell below an objective standard of reasonableness," and (2) "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984). And we simply cannot say the district court's rejection of Mr. Sierra's *Strickland* claim is a debatable decision.

Far from failing to present evidence at trial that he was in Mexico at the time of the offense, Mr. Sierra's defense counsel made that the centerpiece of the defense and argued it vigorously. Counsel presented testimony from Mr. Sierra's common law wife, from Mr. Sierra himself, and from Mr. Sierra's brother and co-defendant, all to this effect. Before us, Mr. Sierra faults counsel for failing to present more evidence along these same lines, including from a former employer,

an aunt, and in the form of various records.  But it's difficult to fault counsel for failing to secure testimony from foreign nationals residing in Mexico who cannot be compelled to appear for trial.  *See* 28 U.S.C. § 1783.  And none of the evidence added materially to what counsel already introduced.

Neither do we see prejudice present.  While the jury was aware of Mr. Sierra's alibi defense, it crumbled in light of much contrary evidence showing that Mr. Sierra was indeed in Utah at the time of the offense.  *See Sierra*, 390 F. App'x at 799-800 (describing totality of this evidence).  Particularly damning was a traffic ticket Mr. Sierra received in Utah at the very time Mr. Sierra and his witnesses said he was in Mexico.  Worse still, Mr. Sierra acknowledged before the jury that the ticket was issued to "Omar Sierra" and correctly listed his home address — and, when asked if it was his signature on the ticket, Mr. Sierra said, "It seems to be."  As the district court noted, too, the ticket had Mr. Sierra's height and weight correctly recorded.  In light of all this, we simply cannot say there's a reasonable probability the cumulative evidence Mr. Sierra now wishes his counsel had produced would have made a difference to the outcome of his trial.  To be sure, Mr. Sierra seeks to suggest before us that he never admitted at trial the signature on the ticket was his.  But the record clearly shows otherwise.

Alternatively, Mr. Sierra argues that the district court erred by refusing to grant him an evidentiary hearing — which it must do, he points out, unless "the motion and the files and records of the case conclusively show that the prisoner is

entitled to no relief." 28 U.S.C. § 2255(b). The question before us is whether the district court abused its discretion under this standard. *United States v. Harms*, 371 F.3d 1208, 1210 (10th Cir. 2004). For reasons we've already given, we cannot say the district court abused its discretion in concluding that the record before it conclusively showed Mr. Sierra's *Strickland* claim to be without merit.

Mr. Sierra's motion to proceed *in forma pauperis* and his request for a COA are denied. This appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge