FILED
United States Court of Appeals
Tenth Circuit

August 22, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

KEVIN X. FRATER,

      Defendant - Appellant.

No. 12-3095
(D.C. Nos. 5:11-CV-04058-SAC and
5:02-CR-40153-SAC-1)
(D. Kan.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **LUCERO**, **O'BRIEN**, and **MATHESON**, Circuit Judges.

Kevin Frater, a federal prisoner, requests a certificate of appealability ("COA") to challenge the district court's denial of his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. Exercising jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Frater's request for a COA and dismiss this matter.

---

      * This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

# I.    BACKGROUND

A. *Factual Background*

On December 10, 2002, agents with the U.S. Drug Enforcement Administration ("DEA") conducted a search of a business jet in Salina, Kansas. Aboard the jet, the agents encountered Austin Williams, who worked for Mr. Frater. They also found five suitcases collectively containing 153.4 kilograms of cocaine.

Mr. Williams "cooperated with agents in making a series of controlled phone calls to [Mr.] Frater telling him the plane was having mechanical problems and attempting to lure [Mr.] Frater to Salina." Aplt. Appx. at 19. During these calls, Mr. Frater suggested he was concerned about law enforcement intercepting the suitcases.

On December 11, 2002, a federal grand jury issued a sealed indictment charging Mr. Frater with one count of conspiracy to distribute cocaine. That same day, Mr. Frater arranged a flight to Kansas. Mr. Frater then canceled the flight, telling associates "that something was wrong and that it wasn't worth it," *id.* at 19-20, and "that he had to get out of the United States" and "could never return." *Id.* at 36. On December 12, 2002, Mr. Frater departed the United States.[1]

On January 29, 2003, the grand jury returned a sealed superseding indictment

---

[1] According to Mr. Frater, he left for a pre-planned vacation to Spain. However, a pilot testified "that [Mr.] Frater told him that [he] needed to leave the country because a friend had been arrested for drugs in Salina, Kansas, that he was scared, and that he could not go back." Aplt. Appx. at 36-37.

charging Mr. Frater with conspiracy to distribute at least 153.4 kilograms of cocaine. The arrest warrant for Mr. Frater issued the same day.

Outside the United States, Mr. Frater lived and worked openly and under his own name in England, Jamaica, and the United Arab Emirates ("U.A.E."). The United States does not have an extradition treaty with the U.A.E.—where Mr. Frater lived from 2006 to 2009—but does have extradition treaties with England and Jamaica. During his time abroad, Mr. Frater routinely traveled internationally under his own name and with lawful travel documents.

The Government took steps to ensure that Mr. Frater would be arrested if he returned to the United States. For example, there was a "tax lookout" and an active warrant for Mr. Frater's arrest. *Id.* at 80. The Government also monitored Mr. Frater's overseas activities. Marshals with the U.S. Marshals Service observed Mr. Frater working or operating a restaurant in Jamaica. Later, DEA agents confirmed that Mr. Frater was working as a flight instructor in Dubai. At one point, a woman in Ireland learned that Mr. Frater was a fugitive and called the DEA. She told the DEA that, when she confronted Mr. Frater with this information, he told her that "he had been acquitted of those charges and that he was no longer wanted." *Id.* at 40.

In April 2009, Mr. Frater was detained and arrested at Heathrow Airport in London. He was extradited to the United States and arraigned in the United States District Court for the District of Kansas on September 1, 2009.

**B.** *Procedural Background*

After the district court detained him, Mr. Frater instructed his counsel to move to dismiss the superseding indictment on the ground that the Government had violated Mr. Frater's Sixth Amendment right to a speedy trial. Mr. Frater's counsel, however, refused this request. Counsel told him that a speedy trial claim was time-barred and that the delay between Mr. Frater's indictment and arrest was irrelevant to such a claim.

On March 23, 2010, Mr. Frater pled guilty to Count One of the superseding indictment. On June 16, 2010, the district court sentenced Mr. Frater to 120 months of imprisonment. Mr. Frater did not file a direct appeal.

On June 13, 2011, Mr. Frater filed a pro se motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255. Among other things, he asserted that he had been denied his Sixth Amendment rights to a speedy trial and the effective assistance of counsel. Without holding an evidentiary hearing, the district court rejected Mr. Frater's claims and denied him a COA.

On April 9, 2012, Mr. Frater filed a timely notice of appeal.

## II.    DISCUSSION

Mr. Frater seeks a COA to challenge the district court's denial of his § 2255 motion.[2] A COA is a jurisdictional prerequisite to this court's review of the denial of a § 2255 motion. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Gonzalez*, 596 F.3d

---

[2] Mr. Frater is represented by counsel.

1228, 1241 (10th Cir. 2010). We may issue a COA only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A prisoner may make a "substantial showing of the denial of a constitutional right" by "showing that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted).

Mr. Frater seeks a COA on the grounds that (1) the over six-year delay between the initial indictment and his arrest violated his constitutional right to a speedy trial,[3] and (2) he was denied his right to the effective assistance of counsel because his counsel failed to move to dismiss the indictment on speedy trial grounds. Mr. Frater also argues that the district court should not have dismissed his claims without holding an evidentiary hearing. We address each of these issues in turn.[4]

---

[3] In his COA application, Mr. Frater occasionally argues that the relevant delay is the more than seven years between his indictment and his conviction. The vast majority of his brief, however, refers to the period between his initial indictment (December 11, 2002) and arrest (April 7, 2009), which is approximately six years and four months. We focus on the period between his indictment and arrest because Mr. Frater's § 2255 motion focused solely on that time frame.

[4] In the district court, the Government argued that because Mr. Frater did not pursue a direct appeal, he procedurally defaulted his § 2255 claims "unless he [could] show that his counsel ineffectively failed to raise them." Aplt. Appx. at 166. Despite this argument, the district court addressed the merits of Mr. Frater's speedy trial claim without ruling on the procedural default issue.

Continued . . .

**A.** *Speedy Trial*

The Sixth Amendment guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. "This right attaches when the defendant is arrested or indicted, whichever comes first." *United States v. Larson*, 627 F.3d 1198, 1207 (10th Cir. 2010) (quotations omitted).

The district court concluded that the delay between Mr. Frater's indictment and arrest did not violate his Sixth Amendment right to a speedy trial. The court reached this conclusion by weighing the factors from *Barker v. Wingo*, 407 U.S. 514 (1972): (1) the length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to a speedy trial, and (4) the prejudice the delay caused to the defendant. *Id.* at 530.

The district court concluded that the first factor weighed in Mr. Frater's favor because the over six-year delay between his indictment and arrest was "lengthy . . . [and] not explained by the nature of the charges." Aplt. Appx. at 30.

The court concluded that the second factor weighed against Mr. Frater because he caused the delay by fleeing the country, frequently changing his residence and employment, and living for three years in a country with no extradition treaty with the

---

In addition, the Government did not raise, and the district court did not address, a provision in Mr. Frater's plea agreement in which he waived his right to appeal and to collaterally attack his conviction and sentence.

The Government has not filed a brief opposing Mr. Frater's application for a COA. Thus, it has not presented us with argument on the procedural default issue or the plea agreement's waiver provision. Accordingly, we review whether the district court's resolution of the merits of Mr. Frater's claims was reasonably debatable.

-6-

United States.  Although the Government did not arrest Mr. Frater when he lived openly in England and Jamaica under his own name, the district court explained that the "greater weight of the blame, for the delay rest[ed] with [Mr.] Frater . . . [due to his] ongoing effort to evade prosecution in the United States."  *Id.* at 43.  The court explained that "[t]he evidence of record [was] overwhelming that [Mr.] Frater fled the country . . . to avoid [his] expected prosecution," *id.* at 32, and that Mr. Frater "was aware of a DEA warrant for him," *id.* at 40.

The third factor also weighed against Mr. Frater, according to the district court, because his flight and evasion of justice manifested a total disregard for his right to a speedy trial.  Even if Mr. Frater was correct that he was unaware of the indictment against him, the court noted that he "knew that charges were imminent when he left [the United States] and it was confirmed for him later . . . when he learned of his fugitive status."  *Id.* at 45.

As to the fourth *Barker* factor, the court noted that, in cases of extreme delay, a defendant may rely on a presumption of prejudice rather than present specific evidence of prejudice.  *See United States v. Toombs*, 574 F.3d 1262, 1275 (10th Cir. 2009).  But the court concluded that Mr. Frater was not entitled to a presumption of prejudice because approximately half of the delay was attributable to his residence in the U.A.E., a country from which the Government could not extradite him.  Because Mr. Frater failed to provide specific evidence of prejudice, the court found that the fourth factor favored the Government.  Balancing the *Barker* factors, the district court concluded that Mr. Frater's

right to a speedy trial had not been violated.

In his COA application, Mr. Frater argues that the district court erred in denying his speedy trial claim. First, he argues that the Government caused the delay by not arresting him sooner. He notes that he lived, worked, and traveled openly under his own name for years and that the Government did not arrest and extradite him until more than six years after his indictment. Second, Mr. Frater argues that any notion that he failed to assert his speedy trial right is misplaced because he did not know about the indictment and did nothing to avoid apprehension or to delay the case's timely and efficient disposition. Third, Mr. Frater argues that, because the Government's inaction caused the delay between his indictment and arrest, he is entitled to a presumption that the delay prejudiced his defense. *See Doggett v. United States*, 505 U.S. 647, 656-58 (1992).

Despite Mr. Frater's arguments, we conclude that reasonable jurists could not debate the district court's resolution of his speedy trial claim. The record demonstrates that Mr. Frater caused the delay by fleeing the country, continued to add to the delay while abroad, and, in the process, manifested a desire to avoid arrest and prosecution. Although the Government arguably could have done more to arrest Mr. Frater while he was in England or Jamaica, "law enforcement officials are not expected to make heroic efforts to apprehend a defendant who is purposefully avoiding apprehension or who has fled to parts unknown." *Rayborn v. Scully*, 858 F.2d 84, 90 (2d Cir. 1988). Further, even if Mr. Frater did not assert his speedy trial right while abroad because he did not have specific knowledge of the indictment, this fact does not overcome the other *Barker*

-8-

factors that weigh against him. Finally, Mr. Frater is not entitled to a presumption of prejudice because any prejudice he suffered from the lengthy delay between his indictment and arrest is "extenuated . . . by [his] acquiescence" to the delay—i.e., his flight from apprehension and his lengthy residence in a country from which he could not be extradited. *See Doggett*, 505 U.S. at 658. We therefore deny Mr. Frater a COA on this issue.

## B. *Ineffective Assistance of Counsel*

The district court analyzed Mr. Frater's ineffective assistance of counsel claim under the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a defendant asserting a violation of his Sixth Amendment right to effective assistance of counsel must show that counsel's performance (1) "fell below an objective standard of reasonableness," *id.* at 688, and (2) resulted in prejudice, i.e., there is "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," *id.* at 694.

The district court concluded that Mr. Frater's counsel did not render ineffective assistance by failing to move to dismiss the indictment on speedy trial grounds. First, because Mr. Frater's speedy trial claim was meritless, the court concluded that counsel's failure to advance this claim did not constitute constitutionally deficient performance. Second, the court explained that Mr. Frater did not meet his burden of showing prejudice because he "'failed to establish a reasonable probability that, but for his trial counsel's alleged errors, he would not have pled guilty.'" Aplt. Appx. at 49 (quoting *United States*

*v. Clingman*, 288 F.3d 1183, 1187 (10th Cir. 2002)).

In his COA application, Mr. Frater argues that the district court incorrectly resolved his ineffective assistance of counsel claim. He claims that counsel denied him effective assistance by (1) failing to move to dismiss the superseding indictment on speedy trial grounds, (2) erroneously advising him that the Government's delay in effecting his arrest was legally insignificant, and (3) erroneously advising him that a speedy trial challenge was time-barred.

We conclude that reasonable jurists could not disagree with the district court's resolution of Mr. Frater's ineffective assistance of counsel claim. Even if we assume that Mr. Frater's counsel gave him incorrect advice about whether a speedy trial claim was time-barred and whether the Government's failure to arrest him was relevant to such a claim, he cannot show prejudice under *Strickland*. As discussed above and in the district court's opinion, Mr. Frater's speedy trial claim lacked merit because of Mr. Frater's concerted effort to flee apprehension. Thus, counsel's failure to assert the claim was not prejudicial to the case's outcome. Mr. Frater has not shown that "had he received reasonable professional assistance from counsel he would not have pled guilty, but would have elected to go to trial." *United States v. Harms*, 371 F.3d 1208, 1212 (10th Cir. 2004). We therefore deny Mr. Frater a COA on this issue.

## C. *Evidentiary Hearing*

The district court declined to hold an evidentiary hearing because it determined that the record "fully confirm[ed]" that Mr. Frater was not entitled to § 2255 relief. Aplt.

-10-

Appx. at 23. In his COA application, Mr. Frater challenges this decision.

A district court must hold an evidentiary hearing "[u]nless the [§ 2255] motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *United States v. Galloway*, 56 F.3d 1239, 1240 n.1 (10th Cir. 1995). "We review the denial of an evidentiary hearing in a § 2255 proceeding for an abuse of discretion." *Clingman*, 288 F.3d at 1187 n.4.

The district court's decision to deny Mr. Frater's § 2255 motion without an evidentiary hearing was not an abuse of discretion. Mr. Frater has not presented us with any disputed factual issues that may entitle him to relief. *See Anderson v. Atty. Gen. of Kan.*, 425 F.3d 853, 860 (10th Cir. 2005) ("The purpose of an evidentiary hearing is to resolve conflicting evidence."). He instead disagrees with the district court's weighing of the facts in denying his speedy trial claim. We therefore reject this argument.

## III.   CONCLUSION

For the foregoing reasons, we deny Mr. Frater's request for a COA and dismiss this matter.

ENTERED FOR THE COURT


Scott M. Matheson, Jr.
Circuit Judge


-11-