**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 30, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

GARY LYNN GAINES,

Defendant-Appellant.

No. 06-7043

(E.D. of Okla.)

(D.C. No. CIV-05-249-JHP)

**ORDER AND JUDGMENT**[*]

Before **MURPHY**, **SEYMOUR**, and **McCONNELL**, Circuit Judges.

Gary Lynn Gaines pleaded guilty to a charge of sexual abuse after the

district court, based on a report from psychologist Dr. Thomas Patenaude, deemed

him competent to stand trial. One year after he was sentenced, the Bureau of

Prisons sent a letter to the district court casting doubt on the credibility of Dr.

Patenaude's work in another case. Mr. Gaines now alleges in a habeas corpus

petition under 28 U.S.C. § 2255 that Dr. Patenaude's examination of him was

flawed, and that his guilty plea was not knowing and voluntary because he was

incompetent when he entered it. Because the district court did not address this

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

issue in its order denying Mr. Gaines's habeas petition, we **REMAND** for an evidentiary hearing.

## I.

In August 2002, a grand jury indicted Mr. Gaines for aggravated sexual abuse of a child while in Indian country in violation of 18 U.S.C. § 2241(c). After he was indicted, Mr. Gaines asked for and received a competency examination. Dr. Thomas Patenaude, a psychologist, performed it. After receiving Dr. Patenaude's report, the court held a competency hearing and then issued an order deeming Mr. Gaines competent to stand trial. On December 18, 2002, approximately one week after the district court deemed him competent, Mr. Gaines pleaded guilty. The district court sentenced him to 168 months in prison and a sixty-month term of supervised release.

On December 19, 2003—one year after Mr. Gaines was sentenced—the Federal Bureau of Prisons ("BOP") sent a letter to the district judge informing him that an internal investigation of Dr. Patenaude revealed "sufficient evidence to question the credibility and accuracy of a psychological evaluation" Dr. Patenaude had prepared in another case. Appellant's Br. 5. The letter continued:

> This internal investigation could call into question the credibility of other psychological evaluations conducted by this psychologist. Our records show that this psychologist issued a report in a case before your court: *United States v. Gary L. Gaines*, Case No. CR-02-063-P, concerning defendant Gary Lynn Gaines, Register Number 29031-177. Accordingly, we bring this information to your attention for any action the court may deem appropriate.

*Id.* The record does not indicate whether the district court or counsel ever took action in response to this letter.

The BOP sent this letter after Mr. Gaines filed his direct appeal, so he was unable to argue at that time that Dr. Patenaude's examination was flawed. Instead, he raised this argument, and others, in a 28 U.S.C. § 2255 motion. The district court denied Mr. Gaines's habeas petition in a nine-page order that discussed the other issues he raised but never mentioned this claim, listed on page three of his petition: "Bureau of Prisons Office of Internal [A]ffairs revealed that there is sufficient evidence to question the credibility and accuracy of my doctor in mental evaluation." R. Doc. 1, at 3.

Mr. Gaines petitioned the district court for a COA, which the court declined to grant. R. Doc. 10. He then applied to this Court for a COA, which we granted on this single issue: in light of the letter from the BOP regarding Dr. Patenaude, is Mr. Gaines entitled to collateral relief on the ground that the credibility of his mental competency evaluation has been called into question?

## II.

### A.

Before reaching the merits of Mr. Gaines's appeal, we deal first with a possible procedural bar to his petition—the rule that "courts generally will not consider the merits of claims" for collateral relief "that were raised neither at trial nor on direct appeal." *United States v. Harms*, 371 F.3d 1208, 1211 (10th Cir.

2004). That rule, however, has exceptions, one of which prevents the rule's application when a defendant "can show both cause for the default and that failure to consider the claim would result in actual prejudice to his defense." *Id.*

We conclude that this exception applies here. Mr. Gaines has shown cause for his failure to challenge Dr. Patenaude's examination on direct appeal. As discussed above, he had no reason to challenge it then because he received the BOP's letter after he filed his appellate brief. And we have little trouble concluding that prejudice occurs when an incompetent defendant pleads guilty. We therefore hold that Mr. Gaines's failure to challenge Dr. Patenaude's examination on direct appeal does not preclude him from seeking habeas relief on this issue.

**B.**

Mr. Gaines's petition presents an issue concerning his competency at the time he pleaded guilty. If, as the BOP letter suggests, Dr. Patenaude's examination was flawed, Mr. Gaines may have been incompetent when he pleaded guilty; if so, his plea may have been involuntary or unknowing.

By statute, Mr. Gaines is entitled to an evidentiary hearing on this issue "[u]nless the motion and the files and records of the case conclusively show that [he] is entitled to no relief." 28 U.S.C. § 2255. The government argues that Mr. Gaines is not entitled to a hearing because the district court conclusively resolved all competency issues in its plea colloquy with Mr. Gaines. It alleges that, during

-4-

the colloquy, the court found that he "had the sufficient ability to consult with his lawyer and that he had an understanding of the charges against him." Appellee's Br. 4. It also argues that "[t]he District Court made numerous observations of the defendant and the Change of Plea Transcript clearly establishes that the defendant was mentally competent at the time of his plea." *Id.*

These arguments miss the point. They focus on the district court findings *before* the BOP letter arrived and ignore the issue we granted a COA to resolve: whether the letter, which arrived *after* Mr. Gaines pleaded guilty, would have altered the district court's view.

The government's failure to cite facts relevant to this issue likely stems from the district court's decision not to hold an evidentiary hearing before denying Mr. Gaines's habeas petition. We may remand for such a hearing if we conclude that Mr. Gaines's "allegations, if proved, would entitle him to relief, and if so, whether the district court's denial of an evidentiary hearing was an abuse of discretion." *United States v. Lopez*, 100 F.3d 113, 119 (10th Cir. 1996).

We find that both these requirements are met. The Supreme Court has held that "[a] criminal defendant . . . may not . . . plead guilty unless he does so 'competently and intelligently.'" *Godinez v. Moran*, 509 U.S. 389, 396 (1993) (quoting *Johnson v. Zerbst*, 304 U.S. 458, 468 (1938)). The BOP letter casts doubt on the accuracy and credibility of Dr. Patenaude's report; if it was the primary reason the district court found that Mr. Gaines was competent, the

defendant would be entitled to collateral relief for a violation of his due process rights.  Accordingly, the district court abused its discretion by not holding an evidentiary hearing to resolve this issue.

## CONCLUSION

We **REMAND** for an evidentiary hearing on whether, in light of the letter from the BOP regarding Dr. Patenaude, Mr. Gaines is entitled to collateral relief on the ground that the credibility of his mental competency evaluation has been called into question.  On all other issues, for reasons explained in our order of November 3, 2006, Mr. Gaines's petition for a certificate of appealability is denied.  We also deny all other pending motions.

Entered for the Court,

Michael W. McConnell
Circuit Judge