**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 18, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

      Respondent-Appellee,

v.

GARY LYNN GAINES,

      Petitioner-Appellant.

No. 08-7004

(E.D. of Okla.)

(D.C. Nos. 6:05-CV-00249-JHP and
6:02-CR-00063-JHP-1)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**

---

Before **TACHA**, **KELLY** and **McCONNELL,** Circuit Judges.

---

Gary Lynn Gaines, a federal prisoner proceeding pro se, seeks a certificate

of appealability (COA) to challenge the district court's denial of his 28 U.S.C. §

2255 petition.  In 2002, Mr. Gaines pled guilty to aggravated sexual abuse of a

child in Indian country.  In 2005, Mr. Gaines filed this petition for habeas relief

under § 2255, arguing that his guilty plea was not knowing and voluntary because

he was incompetent when he entered it.  The district court denied his request for a

COA.  Mr. Gaines now applies to this court for a COA, which we deny.

## I. Background

We described the facts leading to Mr. Gaines's instant petition for habeas

relief in *United States v. Gaines*, 214 F. App'x 849 (10th Cir. 2007):

After he was indicted, Mr. Gaines asked for and received a competency examination. Dr. Thomas Patenaude, a psychologist, performed it. After receiving Dr. Patenaude's report, the court held a competency hearing and then issued an order deeming Mr. Gaines competent to stand trial. On December 18, 2002, approximately one week after the district court deemed him competent, Mr. Gaines pleaded guilty. The district court sentenced him to 168 months in prison and a sixty-month term of supervised release.

On December 19, 2003—one year after Mr. Gaines was sentenced—the Federal Bureau of Prisons ("BOP") sent a letter to the district judge informing him that an internal investigation of Dr. Patenaude revealed "sufficient evidence to question the credibility and accuracy of a psychological evaluation" Dr. Patenaude had prepared in another case. The letter continued:

> This internal investigation could call into question the credibility of other psychological evaluations conducted by this psychologist. Our records show that this psychologist issued a report in a case before your court: *United States v. Gary L. Gaines*, Case No. CR-02-063-P, concerning defendant Gary Lynn Gaines, Register Number 29031-177. Accordingly, we bring this information to your attention for any action the court may deem appropriate.

*Id.* at 851.

The district court denied Mr. Gaines's § 2255 petition. We granted COA, and after receiving further briefing remanded to the district court for an evidentiary hearing to determine whether, in light of the BOP's letter, Mr. Gaines was entitled to collateral relief on the ground that the credibility of his mental competency evaluation had been called into question. 214 F. App'x at 852. We also ordered that counsel be appointed. The district court conducted the evidentiary hearing in accordance with this Court's decision, and concluded that

Mr. Gaines "presented absolutely no evidence [other than the BOP letter] to support [his] allegation." Dist Ct. Op. 5. The court found that "all of the evidence presented establishes [that] the psychological evaluation of [Mr. Gaines] was conducted in a routine manner and during the course of the evaluation [of him] nothing came to the attention of the evaluators which would cause this Court to question [Mr. Gaines's] competency." *Id.* On the basis of this evidence and the district judge's own recollection of Mr. Gaines's plea colloquy, the district court denied Mr. Gaines's petition.

## II. Analysis

The denial of a motion for relief under 28 U.S.C. § 2255 may be appealed only if the district court or this Court first issues a COA. 28 U.S.C. § 2253(c)(1)(B). A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (internal quotation marks omitted).

We do not believe that standard was met. The district court conducted an evidentiary hearing as required by this Court's prior decision. Petitioner, represented by counsel, had full opportunity to present evidence in support of his

position. Based on that evidence, the district court reached a factual conclusion that the psychological examination of Mr. Gaines was "conducted in a routine manner" and that there was no reason to question the original finding of competency. That factual conclusion is subject to review in this Court only for clear error, which we do not discern.

Mr. Gaines bases his argument here primarily on a 2007 submission by the government to the Eastern District of Oklahoma in a different case involving Dr. Patenaude, in which the government reported that "the actions taken by the Courts, government, and defense counsel [in response to the BOP's letter on Dr. Patenaude] [have] varied." Government Response to Motion for Continuance (September 10, 2007), 2. In some of the cases briefly described by the government, the defendant was resentenced; in one, Dr. Patenaude's study was rejected and another study ordered; in another, a court found that nothing in the BOP letter had anything to do with the particular defendant before that court, and the defendant's sentence was upheld. *Id.* at 2–3. Given these different outcomes, Mr. Gaines suggests, reasonable minds must be able to debate whether he is entitled to habeas relief.

This argument fails to recognize that in each case, the court is bound to consider the import of the BOP's letter *as to the particular defendant* before it. The unfortunate history of Dr. Patenaude provided ample reason for this Court to insist that an evidentiary hearing be conducted, but that hearing failed to uncover

any evidence that Mr. Gaines's psychological test was faulty or the results incorrect. That in other cases there was such evidence avails Mr. Gaines not at all.

As a brief review of the BOP's complaint against Dr. Patenaude and the record *in this case* will demonstrate, the district court was not mistaken in concluding that Mr. Gaines is not entitled to habeas relief. The basis of the BOP's complaint against Dr. Patenaude was that he allegedly "falsified the records of four federal inmates to make it appear he met with inmates when in fact he had not." *Violette v. United States*, 365 F. Supp. 2d 2, 4 (D. Me. 2005) (internal quotations omitted).[1] If, therefore, this were a case where the district judge had based his competency determination solely on Dr. Patenaude's word that he met with Mr. Gaines and found him competent, we might agree that reasonable minds could at least debate whether Mr. Gaines was entitled to a new competency hearing. The facts here, however, are different. At the evidentiary hearing, testimony confirmed that Dr. Patenaude did, in fact, meet with Mr. Gaines. A second doctor, Dr. Balduzzi, who was then completing a pre-doctoral internship program at the Federal Medical Center-Devens, recalled assisting Dr. Patenaude with the interview. As the district court noted, "Dr. Balduzzi

---

[1]     Dr. Patenaude apparently claims that this was merely the result of a clerical error on his part. For purposes of this appeal, we assume the allegations against Dr. Patenaude are true.

-5-

remembered interviewing the defendant and the defendant's life story as he told it to her. Dr. Balduzzi administered the psychological tests referred to in Petitioner's Forensic Mental Health Evaluation and none of the testing results gave her any reason to question [Mr. Gaines's] competency." Dist. Ct. Order (Oct. 17, 2007), 4.

Mr. Gaines gives us no reason to question Dr. Balduzzi's account. Her independent recollection of Mr. Gaines's case also bolsters the credibility of Dr. Patenaude's statement at the evidentiary hearing that Mr. Gaines presented an "easy" case of competency, such that it was appropriate for a pre-doctoral intern to handle. *Id.* at 2–3.

The district judge also based his conclusion that the BOP letter did not impeach Mr. Gaines's competency determination on his own interaction with Mr. Gaines during the plea process. The district court found that Mr. Gaines "personally appeared before this Court and communicated rationally and effectively in entering a change of plea." *Id.* at 5. Indeed, our own review of Mr. Gaines's plea colloquy with the district court convinces us that it would be hard to conclude anything other than that Mr. Gaines was competent to plead guilty. Not only did Mr. Gaines engage rationally and articulately with the district judge, but he clearly understood the implications of receiving different advisory Guidelines scores on the basis of his plea and his willingness to accept responsibility for his actions.

Because Mr. Gaines's competency at trial was confirmed by several sources, each of which supported the conclusion that he was competent, we find that there is little risk that Mr. Gaines was incompetent to enter a guilty plea.

Therefore, we **DENY** Mr. Gaines's request for a certificate of appealability. All of Mr. Gaines's other motions are **DENIED**.

Entered for the Court,


Michael W. McConnell
Circuit Judge