**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**SEP 3 2002**

**PATRICK FISHER**
**Clerk**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

vs.

JESUS MAGALLANES,

      Defendant - Appellant.

No. 02-2054

**APPEAL FROM THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**
**(D.C. No. CIV-99-964-JP)**

Before **KELLY**, **McKAY**, and **MURPHY**, Circuit Judges.[*]

John V. Butcher, Assistant Federal Public Defender, Albuquerque, New Mexico for Defendant-Appellant.

David C. Iglesias, United States Attorney, and David N. Williams, Assistant United States Attorney and Chief, Appellate Division, Albuquerque, New Mexico for Plaintiff-Appellee.

**KELLY**, Circuit Judge.

---

[*] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

Defendant-Appellant Jesus Magallanes, a federal inmate, seeks a certificate of appealability ("COA") allowing him to appeal from the district court's order denying relief on his motion pursuant to 28 U.S.C. § 2255. Because Mr. Magallanes has failed to make a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000), we deny the COA and dismiss the appeal.

In May 1997, Mr. Magallanes was indicted by a federal grand jury of possession with intent to distribute more than 100 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1), and carrying a firearm during a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1). Mr. Magallanes filed a motion to suppress physical evidence that was denied by the district court. Mr. Magallanes entered a conditional plea to the indictment, reserving the right to appeal the denial of his motion to suppress. The plea agreement provided that his sentence would be left to the discretion of the district court. The court sentenced Mr. Magallanes to the minimum guideline sentence of eleven years and three months on the distribution count and a mandatory consecutive five-year sentence on the firearm count, for a total term of imprisonment of sixteen years and three months. Mr. Magallanes unsuccessfully appealed to this court the denial of his suppression motion. United States v. Magallanes, No. 98-2238, 1999 WL 252396 (10th Cir. Apr. 23, 1999) (unpublished).

Mr. Magallanes then filed a pro se § 2255 motion that was denied by the district court. This court then appointed counsel and granted a COA under 28 U.S.C. § 2253(c) on the following issues:

> 1. Whether the defendant's conditional guilty plea was entered into knowingly and voluntarily where the district court, in the course of its Federal Rule of Criminal Procedure 11 ("Rule 11") colloquy, did not specifically advise the defendant that he was exposing himself to a higher potential sentence by entering into a conditional guilty plea rather than a traditional guilty plea?
>
> 2. Whether the defendant's conditional guilty plea was entered into knowingly and voluntarily where the district court erroneously stated, in the course of its Rule 11 colloquy, that the defendant's maximum sentencing exposure was 15 years, when his actual sentencing exposure was a minimum of 15 years and a maximum of life imprisonment plus 5 years?
>
> 3. Whether the issue of the district court's failure to adequately advise the defendant under Rule 11 is procedurally barred or whether the defendant can demonstrate cause and prejudice to justify his failure to raise the issue on direct appeal?
>
> 4. Whether defendant's attorney was constitutionally ineffective for failing adequately to advise the defendant of the potential sentencing consequences of his decision to enter a conditional guilty plea rather than a traditional guilty plea?

United States v. Magallanes, No. 00-2124, 2001 WL 589863, at *1 (10th Cir. June 1, 2001). After briefing, this court held that the first issue was procedurally barred, but vacated the district court's order and remanded for an evidentiary hearing and specific factual findings regarding the other three issues. Id. at *5. This court declined to grant a COA on any other issues. Id.

The remand hearing was conducted by a magistrate judge. At the hearing, Mr. Magallanes moved the magistrate judge to consider an additional ineffectiveness ground: whether his trial attorney erred in failing to object to the absence of a role reduction adjustment in the presentence report. See U.S.S.G. § 3B1.2; United States v. Harfst, 168 F.3d 398, 401-05 (10th Cir. 1999). The magistrate judge denied this motion as untimely, relying upon the wisdom of another highly-respected New Mexico state trial judge, "If you file a motion before trial, you get a hearing. If you file a motion on the day of trial, you get a ruling." R. Doc. 30 at 3 n.2. The magistrate judge also based his denial on the fact that this new ineffectiveness claim was not raised in the § 2255 motion. R. Doc. 30 at 3.

Without explanation, the district court overruled the magistrate judge on this point and denied the new ineffectiveness claim on the merits, reasoning that Mr. Magallanes could not meet the prejudice prong of the test for ineffective assistance of counsel. Strickland v. Washington, 466 U.S. 668, 687 (1984). R. Doc. 32 at 1-7. In seeking to appeal, Mr. Magallanes argues only that the district court erred on the merits concerning his new ineffectiveness claim. Aplt. Br. at 7-9.

The magistrate judge was correct that the new ineffectiveness claim should not have been heard on the merits. First, turning to the original § 2255 appeal, we

- 4 -

only granted a COA on four issues; a COA is an issue-by-issue jurisdictional prerequisite to a merits determination on appeal. See Lackey v. Johnson, 116 F.3d 149, 151 (5th Cir. 1997). Thus, the only issues before us in the original appeal did not include Mr. Magallanes' new ineffectiveness claim. Consequently, our limited remand did not include that claim and the district court exceeded the scope of our remand by deciding it on the merits. See Miller v. Champion, 262 F.3d 1066, 1070 n.2 (10th Cir. 2001). Although the mandate rule, requiring a district court to act in conformity with an appellate remand, is one of discretion, no exceptional circumstances suggest a need for greater flexibility in this case. See United States v. Moore, 83 F.3d 1231, 1234-35 (10th Cir. 1996) (discussing rule and exceptions). In its present posture, this case does not involve resentencing where a district court has discretion to go beyond the sentencing error that resulted in the remand. United States v. Hicks, 146 F.3d 1198, 1200 (10th Cir. 1998).

That said, we certainly do not fault the district court for disposing of all claims in an effort to facilitate any appeal. But to examine the new ineffectiveness claim on appeal essentially would allow Mr. Magallanes to pursue a claim not raised (let alone fairly presented) in his § 2255 motion.[1] See Smith v.

---

[1] The argument that this issue was raised in the § 2255 motion, R. Doc. 31 at 2, is rejected. We note that a statement in a supporting memorandum that counsel was negligent in not filing objections to the presentence report simply is

<u>Black</u>, 970 F.2d 1383, 1389 (5th Cir. 1992) (declining to expand the scope of the remand for an issue not presented in an initial habeas petition).  Second, allowing this claim to go forward at the remand hearing bypasses the procedures envisioned by Rules Governing Section 2255 Proceedings for the United States District Courts, particularly with respect to an answer by the government required by Rule 5(a), and undermines the limitation on second or successive petitions, which must be addressed by this court in the first instance.  <u>See</u> 28 U.S.C. § 2255 & 2244(b)(2) & (3); <u>Calderon v. Thompson</u>, 523 U.S. 538, 558 (1998) (motion to recall an appellate mandate for reconsideration in light of new claims or evidence is informed by § 2244(b)'s restrictions on second or successive motions); <u>Lopez v. Douglas</u>, 141 F.3d 974, 975 (10th Cir.1998) (holding a Fed. R. Civ. P. 60(b) motion to vacate the judgment denying an initial § 2254 motion was an uncertified second or successive § 2254 motion).

　　We DENY a COA and DISMISS the appeal.

---

not a fair presentation of this claim–it lacks specificity.  We agree with the magistrate judge on this point.