FILED
United States Court of Appeals
Tenth Circuit

May 6, 2019

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

DONOVAN GENE MERCER,

    Defendant - Appellant.

No. 18-6182
(D.C. Nos. 5:17-CV-00207-M &
5:14-CR-00280-M-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **MATHESON**, and **CARSON**, Circuit Judges.
_____

Donovan Gene Mercer was convicted of three counts of accessing or

attempting to access a computer disk that contains child pornography, in violation of

18 U.S.C. § 2252A(a)(5)(B) and (b)(2). After losing a direct appeal, he filed a

28 U.S.C. § 2255 motion, which the district court denied. He now requests a

certificate of appealability (COA) to challenge that denial. As to certain claims, we

_____

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

grant a COA, vacate the judgment, and remand for an evidentiary hearing. We deny a COA on the remaining claims.

## I. BACKGROUND

Among other claims, Mr. Mercer's § 2255 motion asserted that (1) the prosecution submitted false evidence in Government Exhibit 401 (GE 401), a summary exhibit listing the dates and times of downloads of files containing child pornography onto Mr. Mercer's computer, and (2) his trial counsel acted ineffectively in failing to show him discovery from the government and in failing to pursue an alibi defense. These claims stem from Mr. Mercer's contention that GE 401 incorrectly identified the times of the downloads.

The program used to download the files onto Mr. Mercer's computer is called Ares. In pretrial discovery, the government produced to defense counsel multiple Ares logs, including a log known as the Ares Shareh.dat Report (the Ares Report). In his § 2255 motion, Mr. Mercer claimed that the times of the downloads listed in GE 401 were advanced by 5 to 6 hours from the times listed in the Ares Report. He alleged that, at the times listed in the Ares Report, he was at work or at appointments rather than at home, so he could not have been at home downloading the files. He further claimed he could have been home 5 to 6 hours later at the times identified in GE 401.

For example, the thirteenth entry on the tenth page of the Ares Report states that a file with the name "(XL hits) - 3 yr 5 yr venezolanas" was shared on Monday, July 9, 2012 at 12:09 CDT. Request for COA, Exh. B at 10. Entry Number 3 in

2

GE 401 states that Mr. Mercer downloaded a file with the same name between 5:09 and 5:14 p.m. CDT on July 9, 2012. *Id.*, Exh. A at 1. Thus, the Ares Report reflects activity around noon, when Mr. Mercer claims to have been at work, while GE 401 reflects activity after work 5 hours later. Given these discrepancies, Mr. Mercer's § 2255 motion challenged the accuracy of GE 401 and asserted that his counsel was ineffective in failing to show him the discovery and in failing to pursue an alibi defense.

In the district court, the government responded that the Ares Report is "just one of several computer forensic logs that the government provided in discovery." R., Vol. II at 283. It asserted that the report does not show downloads, which were the subject of GE 401, but instead "shows when previously downloaded files were shared via the Ares peer-to-peer file sharing software. This document, the government said, "is *irrelevant* to GE 401, which discusses when child pornography was downloaded—not shared." *Id.* at 283-84. "Indeed, when Mercer, in his § 2255 motion, compares the download times in GE 401 with the share times in [the Ares Report,] he is comparing apples to oranges." *Id.* at 284. The government further noted that it had explained the 5-6 hour differential between the Ares reports and GE 401, citing a December 8, 2014 e-mail in which the prosecutor told the defense that "'[t]o get the correct local time [for the Ares Report], add 5 hours to the time listed.'" *Id.* at 284 n.3 (internal quotation marks omitted).

The government also pointed out that the defense had the Ares Report available during trial, "but did not use it as a basis to object to the admission of GE

3

401, or to cross-examine the FBI computer forensic expert, or to adduce supposedly exculpatory information when Mercer's wife testified as an alibi witness." *Id.* at 284. It argued that because the Ares Report "does nothing to undermine GE 401," counsel did not perform deficiently, and Mr. Mercer did not suffer prejudice. *Id.* at 291-92.

The district court held that the challenge to the accuracy of GE 401 was procedurally defaulted for failure to raise the issue on direct appeal. With regard to ineffective assistance of counsel it held that

> counsel was not deficient in failing to challenge GE 401 based on the Ares shareh.dat log. . . . [T]he Ares shareh.dat log represents when previously downloaded files were shared via the Ares peer-to-peer file sharing software. GE 401 represents when child pornography was downloaded, not when it was shared. Thus, the Ares shareh.dat log is not relevant to GE 401.

*Id.* at 325. The court further held that "Mercer has not shown that he suffered any prejudice from any of the remaining allegations of ineffectiveness, including his counsel's alleged failure to show him all of the discovery." *Id.* at 326.

## II. **DISCUSSION**

### A. *Legal Background*

To appeal, Mr. Mercer must obtain a COA under 28 U.S.C. § 2253(c)(1)(B), which requires him to make "a substantial showing of the denial of a constitutional right," *id.* § 2253(c)(2). "[A] COA is an issue-by-issue jurisdictional prerequisite to a merits determination on appeal." *United States v. Magallanes*, 301 F.3d 1267, 1269 (10th Cir. 2002). "Under the controlling standard, a petition must show that reasonable jurists could debate whether (or for that matter, agree that) the petition

4

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (brackets and internal quotation marks omitted).

When the district court has rejected a claim on the merits, the prisoner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And when the district court has rejected a claim on procedural grounds without reaching the merits, the prisoner must "show[], at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* "[A] COA does not require a showing that the appeal will succeed. . . . It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief." *Miller-El*, 537 U.S. at 337.

"[I]t is established that a conviction obtained through use of false evidence, known to be such by representatives of the State, must fall under the Fourteenth Amendment." *Napue v. Illinois*, 360 U.S. 264, 269 (1959). Mr. Mercer has a constitutional right to the effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 684, 686 (1984). The district court is required to hold an evidentiary hearing "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

5

B. *Analysis*

1. **Claims Warranting a Grant of COA**

Mr. Mercer's Request for a Certificate of Appealability and the record raise questions about the government's district-court arguments regarding GE 401. First, the Ares Report reports times as "CDT" and "CST," presumably standing for Central Daylight Time and Central Standard Time. But if the Ares Report already used Central time, why did the prosecutor advise the defense counsel to add 5 hours to the report time to get the correct local time in Oklahoma? Second, assuming the Ares Report uses Central time, if GE 401 lists download times and the Ares Report lists times that "previously downloaded files were shared," as the government asserted, R., Vol. II at 283 (first emphasis added), then why do the times set forth in the Ares Report appear to precede the times listed in GE 401? Using the example above, it is not apparent how Mr. Mercer's computer could have shared a file at 12:09 CDT on July 9, 2012, as reflected in the Ares Report, if that file was downloaded 5 hours later at 5:09 p.m. that same day, as reflected in GE 401.

To aid in considering whether to grant a COA, this court directed the government to file a memorandum brief addressing these questions. The government responded, "[U]nfortunately, the record is insufficient to answer the questions posed by the Court." Gov't Memo. Br. at 2. "After reviewing the pleadings and upon further reflection, the United States submits that reasonable jurists could debate that the district court should not have denied Mercer's motion without an evidentiary hearing." *Id.* at 9. The government thus states that "this Court should issue a

6

certificate of appealability, vacate the order denying Mercer's motion under 28 U.S.C. § 2255, and remand for an evidentiary hearing on this discrete issue [the Ares Report]." *Id.* at 2.

In light of the inconsistencies discussed above and the government's concession that the record does not explain them, we conclude the district court erred in denying Mr. Mercer's claims regarding GE 401 without holding an evidentiary hearing. We therefore grant a COA on his two GE 401 claims.

## 2. **Claims Not Warranting a Grant of COA**

We have carefully reviewed Mr. Mercer's other claims that (1) counsel was ineffective in failing to challenge the indictment and in failing to raise a statutory defense, (2) the district court erred in failing to evaluate Fed. R. Evid. 414 evidence under Fed. R. Evid. 401, 402, and 404(b) before admission, and (3) the district court erred in sentencing him. We conclude that reasonable jurists would not debate the district court's denial of relief and therefore deny a COA on those claims.

### a. *Ineffective assistance of counsel claims*

An ineffective assistance of counsel claim requires a defendant to show counsel's performance was deficient and the deficient performance resulted in prejudice. *Strickland*, 466 U.S. at 687. Mr. Mercer alleged in his § 2255 motion that counsel was ineffective for failing to challenge the indictment based on the specific language of § 2252A(a)(5)(B). Pointing to the statute's use of the term "contains," not "contained," Mr. Mercer asserts that it "only punishes for . . . accessing materials that have actual images of child pornography found on them, not computer generated

7

logs saying that such had happened." COA Appl. at 7. The district court held that counsel had not performed deficiently in failing to challenge the indictment.

Mr. Mercer is mistaken in believing § 2252A(a)(5) does not extend to cases in which a computer disk does not contain images of child pornography when it was seized by the government. In the absence of an applicable affirmative defense, a person violates § 2252A(a) when he accesses or attempts to access a computer disk with intent to view an image of child pornography that the disk contains at that time of access or attempted access. The violation is then complete irrespective of a later deletion of the image. *See United States v. Brune*, 767 F.3d 1009, 1019-20 & n.6 (10th Cir. 2014) (stating that "[s]ection 2252A(a)(5)(B) punishes the (1) knowing possession of, *or* accessing with the intent to view, (2) any print material, film, or computer media, (3) containing an image of child pornography" that traveled in interstate or foreign commerce); *see also United States v. Tagg*, 886 F.3d 579, 587 (6th Cir. 2018) ("The access-with-intent offense is complete the moment that the elements of access and intent coincide."). No reasonable jurist would debate the district court's conclusion that counsel did not perform deficiently by failing to challenge the indictment on this ground.

Mr. Mercer also asserted in his § 2255 motion that counsel was ineffective in failing to raise the affirmative defense set forth in 18 U.S.C. § 2252A(d). That defense is applicable when a defendant

(1) possessed less than three images of child pornography; and

8

(2) promptly and in good faith, and without retaining or allowing any person, other than a law enforcement agency, to access any image or copy thereof--

> (A) took reasonable steps to destroy each such image; or

> (B) reported the matter to a law enforcement agency and afforded that agency access to each such image.

The district court did not explicitly address this claim, but it disposed of various ineffective-assistance allegations by holding that Mr. Mercer did not suffer prejudice.

It is unclear whether Mr. Mercer challenges the denial of this ineffective-assistance claim on appeal, as he only briefly mentions the affirmative defense. When he does mention it, he describes subsections (1) and (2) using "and/or." *See* COA Appl. at 7; Supp. COA Appl. at 5. He apparently believes he could have availed himself of the defense because the files had been deleted from the hard drives and SD card, as required by § 2252A(d)(2)(A). But the statute says "and," not "and/or." Accordingly, subsections (1) and (2) must both be satisfied for a defendant to benefit from the affirmative defense, and Mr. Mercer cannot show that he "possessed less than three images of child pornography," § 2252A(d)(1). To the contrary, the district court noted that more than *three thousand* images of pornography had been admitted into evidence. Because Mr. Mercer could not satisfy the requirements of the affirmative defense, no reasonable jurist would debate whether he was prejudiced by counsel's failure to invoke the defense.

### b. *Evidentiary claims*

Mr. Mercer claims the district court should have evaluated certain evidence admitted under Fed. R. Evid. 414 for admissibility, relevance, and probative value

9

under Fed. R. Evid. 401, 402, and 404(b).  The district court held this claim was barred from consideration in a § 2255 motion because it either was or should have been raised on direct appeal.

"[U]nder the law-of-the-case doctrine, courts ordinarily . . . refuse to reconsider arguments presented in a § 2255 motion that were raised and adjudicated on direct appeal."  *Abernathy v. Wandes*, 713 F.3d 538, 549 (10th Cir. 2013) (collecting cases).  Further, "[§] 2255 is not available to test the legality of matters which should have been raised on appeal."  *United States v. Allen*, 16 F.3d 377, 378 (10th Cir. 1994) (internal quotation marks omitted).  Accordingly, "[a] defendant who fails to present an issue on direct appeal is barred from raising the issue in a § 2255 motion, unless he can show cause for his procedural default and actual prejudice resulting from the alleged errors, or can show that a fundamental miscarriage of justice will occur if his claim is not addressed."  *Id.*  Mr. Mercer is mistaken in arguing in his brief that § 2255(a), (b), and (f) negate these basic principles and entitle him to proceed with claims that were or should have been raised on direct appeal.

Mr. Mercer's direct appeal involved only one issue—"[w]hether the district court abused its discretion in concluding, in this child pornography case, that the probative value of evidence that Mr. Mercer had molested three children substantially outweighed the risk of unfair prejudice."  *United States v. Mercer*, 653 F. App'x 622, 624 (10th Cir. 2016) (internal quotation marks omitted).  He argues this issue did not encompass his current assertions that the district court should have decided the

evidence was admissible, relevant, and had probative value. Even if he is correct that these are new assertions, however, they could have been raised on direct appeal and are barred unless he shows cause and prejudice or a fundamental miscarriage of justice. *See Allen*, 16 F.3d at 378. But beyond arguing that the structure of § 2255 entitles him to proceed, his application for a COA does not address the district court's determination that he did not establish either exception to overcome the procedural bar. He therefore has failed to show that reasonable jurists would debate the district court's ruling.

c. ***Sentencing error claim***

Mr. Mercer also complains that the district court found facts not found by the jury and sentenced him based on possession of child pornography when he had not been convicted of possession of child pornography. The district court held this claim should have been raised on direct appeal, and Mr. Mercer had failed to show that his procedural default could be excused by cause and prejudice or a fundamental miscarriage of justice. Except for citing § 2255(a), Mr. Mercer's application for a COA does not address the determination that he failed to overcome his procedural default. He therefore has failed to show that reasonable jurists would debate the district court's ruling.

### III. CONCLUSION

We grant a COA and vacate the portions of the district court's judgment denying (1) the claim challenging the accuracy of GE 401, and (2) the claims of ineffective assistance of counsel related to GE 401 (failing to show Mr. Mercer the

11

discovery and failing to pursue an alibi defense).  We remand for the district court to conduct an evidentiary hearing regarding these claims and enter a new judgment.  We deny a COA on Mr. Mercer's remaining claims.

Entered for the Court


Scott M. Matheson, Jr.
Circuit Judge